NOT DESIGNATED FOR PUBLICATION

No. 113,823

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH WHITE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed November 20, 2015.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.

*Per Curiam*:  Kenneth Ray White appeals the district court's denial of his motion to correct an illegal sentence. We granted White's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed a response and requested that the district court's judgment be affirmed.

White was convicted of aggravated kidnapping, aggravated battery, and aggravated assault. The district court found that White had a criminal history score of D, in part because it scored White's 1990 aggravated assault conviction in Wyandotte County, Kansas, as a person felony. On April 6, 2012, the district court imposed a controlling sentence of 253 months' imprisonment with a postrelease supervision period of 36 months. White did not timely appeal his sentence.

1

On May 20, 2014, White filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified* by Supreme Court order September 19, 2014. In the motion, White argued that his 1990 aggravated assault conviction should have been scored as a nonperson felony for criminal history purposes. At a hearing on December 30, 2014, the district court denied the motion. White appealed.

On appeal, White reasserts his argument that the district court erred in classifying his 1990 aggravated assault conviction as a person felony. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

White acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015). In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 357 P.3d at 262. This court is duty bound to follow Kansas Supreme Court precedent absent some indication the court is departing from its previous position. See *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (Sept. 14, 2015).

Aggravated assault was scored as a person felony at the time White's current crimes were committed. Based on *Keel*, the district court did not err in classifying White's 1990 aggravated assault conviction as a person felony. Thus, the district court did not err in denying White's motion to correct an illegal sentence.

Affirmed.