NOT DESIGNATED FOR PUBLICATION

No. 113,583

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERRY L. STARK,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed November 20, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.


*Per Curiam*: Jerry L. Stark appeals the district court's denial of his motion to correct an illegal sentence. We granted Stark's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed a response and requested that the district court's judgment be affirmed.

A jury found Stark guilty of one count of aggravated indecent liberties with a child, a severity level 3 person felony. On November 30, 2000, the district court sentenced Stark to 494 months' imprisonment with 36 months' postrelease supervision.

On December 24, 2014, Stark filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified* by Supreme Court order

1

September 19, 2014, *overruled by State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015). In the motion, Stark argued that his 1982 Florida convictions of three counts of sexual battery and one count of lewd and lascivious behavior should have been scored as nonperson crimes for criminal history purposes. The district court denied the motion. Stark timely appealed.

On appeal, Stark reasserts his argument that the district court erred in classifying his 1982 Florida convictions as person crimes. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Stark acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel.* In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 357 P.3d at 262. Sexual battery and lewd and lascivious behavior were scored as person crimes in Kansas at the time Stark's current crime of aggravated indecent liberties with a child was committed in 2000. See K.S.A. 21-3517 (Furse 1995); K.S.A. 21-3508 (Furse 1995). Based on *Keel*, the district court did not err in classifying Stark's pre-KSGA convictions as person crimes for criminal history purposes. Thus, the district court did not err in denying Stark's motion to correct an illegal sentence.

Affirmed.

2