NOT DESIGNATED FOR PUBLICATION

No. 113,541

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CARLOS GARCIA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed November 20, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.

*Per Curiam*: Carlos Garcia appeals the district court's denial of his motion to correct an illegal sentence. We granted Garcia's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed a response and requested that the district court's judgment be affirmed.

On January 29, 2013, Garcia was found guilty by a jury of one count of offender registration violation. Garcia's presentence investigation report showed that he had one pre-1993, out-of-state person felony conviction of assault with a dangerous weapon and one pre-1993, out-of-state person misdemeanor conviction of battery. On March 14, 2013, the district court imposed a controlling sentence of 221 months' imprisonment with a postrelease supervision term of 36 months. Garcia did not timely appeal his sentence.

1

On December 24, 2014, Garcia filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified* by Supreme Court order September 19, 2014, *overruled by State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015). Garcia's motion challenged the classification of only one prior conviction, that being his person felony conviction of assault with a dangerous weapon on October 30, 1979. Garcia argued that under the holding in *Murdock*, the challenged conviction must be scored as a nonperson offense for criminal history purposes. The district court denied Garcia's motion. Garcia timely appealed.

On appeal, Garcia argues that "his out-of-state pre-1993 person felony and misdemeanor convictions must be reclassified as nonperson offenses." Presumably, Garcia's argument covers his person felony conviction of assault with a dangerous weapon and his person misdemeanor conviction of battery. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Our Supreme Court's holding in *Murdock* has been overruled in *Keel.* In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 357 P.3d at 262. Assault with a dangerous weapon and battery were scored as person offenses in Kansas at the time Garcia's current crime of offender registration violation was committed in 2012. Based on *Keel*, the district court did not err in classifying Garcia's pre-KSGA convictions of assault with a dangerous weapon and battery as person offenses for criminal history purposes. Thus, the district court did not err in denying Garcia's motion to correct an illegal sentence.

Affirmed.