NOT DESIGNATED FOR PUBLICATION

No. 113,739

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER CARTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed November 20, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.

*Per Curiam*:  Christopher E. Carter appeals the district court's denial of his motion to correct an illegal sentence. We granted Carter's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed a response and requested that the district court's judgment be affirmed.

On June 28, 2010, Carter pled no contest to one count of aggravated indecent liberties with a child and one count of aggravated indecent solicitation of a child. Carter's presentence investigation report showed he had two nonperson felony convictions prior to 1993. On November 5, 2010, the district court imposed a controlling sentence of 88 months' imprisonment. Carter did not timely appeal his sentence.

1

On February 3, 2015, Carter filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015). In his motion, Carter argued that the district court erred by including his two nonperson felony convictions prior to 1993 in his criminal history. The district court summarily denied Carter's motion, finding the case was "[n]ot covered by *Murdock* or other case law." Carter appealed the district court's ruling.

On appeal, Carter argues that the district court "erred by failing to amend his criminal history." But as Carter acknowledges, the holding in *Murdock* only required pre-1993 out-of-state *person* offenses to be classified as nonperson offenses for criminal history purposes. The holding in *Murdock* has been overruled by *Keel*. But even before *Murdock* was overruled by *Keel*, the holding in *Murdock* had no application to pre-1993 convictions that were already classified as nonperson felonies.

As the State notes in its response, under K.S.A. 2014 Supp. 21-6810, all verified adult convictions will be considered and scored when determining criminal history. Even unclassified offenses are considered and scored as nonperson crimes. There is no authority to support Carter's request to change his pre-1993 nonperson felony convictions to unscored felony convictions for criminal history purposes.

Affirmed.