NOT DESIGNATED FOR PUBLICATION

No. 113,683

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY WILSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed November 25, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.

*Per Curiam*: Larry J. Wilson appeals the district court's denial of his motion to correct an illegal sentence. We granted Wilson's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed a response and requested that the district court's judgment be affirmed.

On February 21, 2011, Wilson pled guilty to one count of robbery, a severity level 5 person felony. On April 13, 2011, the district court granted a downward durational departure and sentenced Wilson to 99 months' imprisonment with 24 months' postrelease supervision. Wilson did not timely appeal his sentence.

1

On November 24, 2014, Wilson filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015). In the motion, Wilson argued that his 1989 Missouri conviction of simple assault should have been scored as a nonperson misdemeanor for criminal history purposes. On January 14, 2015, the district court filed an order denying the motion. Wilson timely appealed.

On appeal, Wilson claims "the district court erred by classifying a 1989 Missouri conviction for simple assault as a person misdemeanor." Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Wilson acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 357 P.3d at 262. Simple assault was scored as a person misdemeanor in Kansas at the time Wilson's current crime of robbery was committed in 2010. See K.S.A. 21-3408. Based on *Keel*, the district court did not err in classifying Wilson's 1989 Missouri conviction of simple assault as a person misdemeanor for criminal history purposes. Thus, the district court did not err in denying Wilson's motion to correct an illegal sentence.

Affirmed.

2