NOT DESIGNATED FOR PUBLICATION

No. 113,718

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DERRICK SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed November 25, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.

*Per Curiam*:  Derrick M. Smith appeals the district court's denial of his motion to correct an illegal sentence. We granted Smith's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed a response and requested that the district court's judgment be affirmed.

On May 23, 2011, Smith pled guilty to one count of burglary, a severity level 7 nonperson felony, and one count of theft, a severity level 9 nonperson felony. On July 8, 2011, the district court imposed a controlling sentence of 52 months' imprisonment with 12 months' postrelease supervision. Smith did not timely appeal his sentence.

1

On June 27, 2014, Smith filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015). In the motion, Smith appeared to argue that his pre-1993 convictions of robbery and assault should have been scored as nonperson crimes for criminal history purposes. At a hearing on October 8, 2014, the district court denied the motion. Smith appealed.

On appeal, Smith reasserts his argument that the district court erred in classifying his pre-1993 convictions as person crimes. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Smith acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 357 P.3d at 262. Robbery and assault were scored as person offenses in Kansas at the time Smith's current crimes of burglary and theft were committed in 2010. See K.S.A. 21-3426; K.S.A. 21-3408. Based on *Keel*, the district court did not err in classifying Smith's pre-KSGA convictions of as person offenses for criminal history purposes. Thus, the district court did not err in denying Smith's motion to correct an illegal sentence.

Affirmed.