NOT DESIGNATED FOR PUBLICATION

No. 113,471

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID J. NAPIER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed November 25, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.

*Per Curiam*:  David J. Napier appeals the district court's denial of his motion to correct an illegal sentence. We granted Napier's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed a response and requested that the district court's judgment be affirmed.

On December 5, 2001, a jury found Napier guilty of one count each of rape, aggravated criminal sodomy, and attempted rape. Napier's presentence investigation (PSI) report showed he had two pre-1993 person felony convictions and three post-1993 person felony convictions resulting in a criminal history score of A. On January 16, 2002, the district court imposed a controlling sentence of 653 months' imprisonment with 36 months' postrelease supervision.

1

On December 24, 2014, Napier filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015). In the motion, Napier argued that his two pre-1993 felony convictions should have been scored as nonperson felonies for criminal history purposes. The district court denied the motion. Napier timely appealed.

On appeal, Napier reasserts his argument that his two pre-1993 felony convictions should have been scored as nonperson felonies for criminal history purposes. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

As the State notes in its response, Napier's criminal history score of A did not rely upon a single pre-1993 person felony conviction. Napier's PSI report included three post-1993 person felony convictions which were sufficient to place Napier into criminal history category A without counting his pre-1993 convictions. As a result, Napier's sentence was not illegal and the district court did not err in denying the motion to correct illegal sentence. If Napier is ever convicted and sentenced for a new crime in the future, he will be able to challenge the classification of his pre-1993 convictions for criminal history purposes at that time, if he believes he has grounds to do so.

Affirmed.