NOT DESIGNATED FOR PUBLICATION

No. 113,542

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN D. KIRK II,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed November 25, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.


*Per Curiam*:  Steven D. Kirk II, appeals the district court's denial of his motion to correct an illegal sentence. We granted Kirk's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed a response and requested that the district court's judgment be affirmed.

On January 17, 2012, Kirk pled guilty to one count of aggravated sexual battery, a severity level 5 person felony, and one count of domestic battery, a class B person misdemeanor. On February 29, 2012, the district court imposed a controlling sentence of 60 months' imprisonment with 24 months' postrelease supervision.

1

Kirk subsequently filed motions to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015), and *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015). In the motions, Kirk argued that his 1991 Kansas aggravated burglary conviction should have been scored as a nonperson felony for criminal history purposes. The district court denied the motions. Kirk timely appealed.

On appeal, Kirk reasserts his argument that his 1991 Kansas aggravated burglary conviction should have been scored as a nonperson felony for criminal history purposes. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Kirk is not entitled to any relief under *Murdock*. As Kirk acknowledges, our Supreme Court's holding in *Murdock* has been overruled in *Keel.* In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 357 P.3d at 262. Aggravated burglary was scored as a person felony in Kansas at the time Kirk's current crimes of aggravated sexual battery and domestic battery were committed in 2011. See K.S.A. 21-3716. Based on *Keel*, the district court did not err in classifying Kirk's 1991 aggravated burglary conviction as a person felony. Moreover, Kirk is not entitled to any relief under *Dickey*. The holding in *Dickey* applies only to pre-1993 Kansas burglary convictions and not aggravated burglary convictions. See 301 Kan. at 1039. Thus, the district court did not err in denying Kirk's motions to correct an illegal sentence.

Affirmed.