NOT DESIGNATED FOR PUBLICATION

No. 113,425

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT DAVIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed November 25, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.

*Per Curiam*: Scott C. Davis appeals the district court's denial of his motion to correct an illegal sentence. We granted Davis' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed a response and requested that the district court's judgment be affirmed.

On September 25, 2013, Davis pled guilty to one count of possession of marijuana after a prior conviction, a severity level 4 drug felony. On January 6, 2014, the district court sentenced Davis to 37 months' imprisonment with 12 months' postrelease supervision. Davis did not timely appeal his sentence.

1

On June 19, 2014, Davis filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015). In the motion, Davis argued that his 1985 Kansas juvenile adjudication of aggravated robbery should have been scored as a nonperson felony for criminal history purposes. The district court denied the motion. Davis appealed.

On appeal, Davis reasserts his argument "that the district court erred in classifying his 1985 conviction as a person felony." Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Davis acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 357 P.3d at 262. Aggravated robbery was scored as a person felony in Kansas at the time Davis' current crime of possession of marijuana after a prior conviction was committed in 2012. See K.S.A. 2011 Supp. 21-5420(c)(2). Based on *Keel*, the district court did not err in classifying Davis' 1985 aggravated robbery adjudication as a person felony. Thus, the district court did not err in denying Davis' motion to correct an illegal sentence.

Affirmed.