NOT DESIGNATED FOR PUBLICATION

Nos. 113,836
113,837

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES MCKILLIP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed December 18, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  James R. McKillip appeals the district court's denial of his motion to correct an illegal sentence. We granted McKillip's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

In 04CR1831, McKillip pled guilty to one count of theft committed in July 2004. Based on a criminal history score of A, the district court sentenced McKillip to 15 months' imprisonment. In 04CR1832, a jury found McKillip guilty of one count of aggravated robbery committed in July 2004. Based on a criminal history score of A, the district court sentenced McKillip to 247 months' imprisonment. McKillip's criminal

1

history score was based in part on an attempted murder conviction in West Virginia in 1990 that was scored as a person felony.

On February 13, 2015, McKillip filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015). In the motion, McKillip argued that his 1990 attempted murder conviction from West Virginia should have been scored as nonperson felony for criminal history purposes. The district court denied the motion on the ground that the holding in *Murdock* did not apply retroactively to McKillip's case. McKillip appealed.

On appeal, McKillip reasserts his argument that the district court erred in classifying his pre-1993 conviction as a person crime. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

McKillip acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 302 Kan. 560, Syl. ¶¶ 8-9. Attempted first-degree murder was scored as a person offense in Kansas at the time McKillip's current crimes of theft and aggravated robbery were committed in 2004. See K.S.A. 21-3401 (Furse 1995); K.S.A. 21-4711(g) (Furse 1995). Based on *Keel*, the district court did not err in classifying McKillip's pre-KSGA conviction of attempted murder as a person offense for criminal history purposes. Thus, the district court did not err in denying McKillip's motion to correct an illegal sentence.

2

Affirmed.