NOT DESIGNATED FOR PUBLICATION

No. 113,736

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HAROLD WAYNE HODGES, II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed December 23, 2015.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*: Harold Wayne Hodges, II appeals the district court's denial of his motion to correct an illegal sentence. We granted Hodges' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

On June 24, 2011, Hodges pled no contest to one count of aggravated battery committed in 2010. On August 16, 2011, the district court granted a downward durational departure and sentenced Hodges to 72 months' imprisonment with 24 months' postrelease supervision.

1

On June 19, 2014, Hodges filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). In the motion, Hodges argued that his pre-1993 Kansas convictions of aggravated robbery, aggravated battery on a law enforcement officer, and aggravated escape from custody should have been scored as nonperson crimes for criminal history purposes. The district court ultimately denied the motion. Hodges appealed.

On appeal, Hodges reasserts his argument that the district court erred in classifying his pre-1993 convictions as person crimes. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Hodges acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 357 P.3d at 264-65. Aggravated robbery, aggravated battery on a law enforcement officer, and aggravated escape from custody were scored as person offenses in Kansas at the time Hodges' current crime of aggravated battery was committed in 2010. See K.S.A. 21-3427; K.S.A. 21-3415(b); K.S.A. 21-3810(c). Hodges does not dispute the current classifications of his pre-KSGA convictions as person felonies. Based on *Keel*, the district court did not err in classifying Hodges' pre-KSGA convictions as person offenses for criminal history purposes. Thus, the district court did not err in denying Hodges' motion to correct an illegal sentence.

Affirmed.