NOT DESIGNATED FOR PUBLICATION

Nos. 112,999
113,000

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOEY DAVIS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed December 23, 2015. Affirmed.


Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).


Before MALONE, C.J., PIERRON and BRUNS, JJ.


*Per Curiam*: Joey L. Davis appeals the district court's denial of his motion to correct an illegal sentence. We granted Davis' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.


In 00CR398, Davis was convicted of one count each of driving while a habitual violator, driving under the influence of alcohol (DUI), and obstructing legal process or official duty for incidents committed in 1998. The presentence investigation report included a 1985 Kansas conviction of aggravated robbery scored as a person felony. On

1

April 26, 2000, the district court imposed a controlling sentence of 12 months' imprisonment to run consecutive to a sentence in a prior case.

In 05CR2109, Davis was convicted of one count each of DUI and transporting an open container of alcoholic beverage, an unclassified misdemeanor, for incidents committed in 2005. On September 19, 2007, the district court imposed a controlling sentence of 180 days in the county jail, also to run consecutive to sentences in prior cases.

On September 11, 2014, Davis filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015). In the motion, Davis argued that his 1985 Kansas conviction of aggravated robbery should have been scored as a nonperson crime for criminal history purposes in both his cases. The district court denied the motion in each case. Davis appealed. The cases have been consolidated for appeal.

On appeal, Davis reasserts his argument that the district court erred in classifying his pre-1993 conviction as a person crime. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Davis acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel.* In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 357 P.3d at 262. Aggravated robbery was scored as a person offense in Kansas at the time Davis' current crimes were committed in 1998 and 2005. See K.S.A. 21-3427 (Furse 1995). We also note that the sentences for Davis' DUI and

misdemeanor convictions were not based on his criminal history score. Based on *Keel*, the district court did not err in classifying Davis' pre-KSGA conviction of aggravated robbery as a person offense for criminal history purposes. Thus, the district court did not err in denying Davis' motion to correct an illegal sentence.

Affirmed.