NOT DESIGNATED FOR PUBLICATION

No. 113,375

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AARON A. WEAVER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed September 4, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., HILL and BRUNS, JJ.


*Per Curiam*: Aaron A. Weaver appeals the district court's denial of his motion to correct illegal sentence. We granted Weaver's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State filed a response and requested that the district court's judgment be affirmed.

On June 21, 2005, Weaver entered a plea to one count of robbery. Weaver's presentence investigation (PSI) report placed Weaver into criminal history category "A." The PSI report showed one nonperson misdemeanor conviction prior to 1993. On August 2, 2005, the district court sentenced Weaver to 122 months' imprisonment but granted a dispositional departure to probation with community corrections for 24 months. Weaver did not timely appeal his sentence.

1

The State subsequently alleged that Weaver violated his probation on numerous grounds. On March 25, 2010, the district court revoked Weaver's probation and ordered him to serve his underlying prison sentence.

On November 13, 2014, Weaver filed a motion to correct illegal sentence pursuant to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified* by Supreme Court order September 19, 2014, *overruled by State v. Keel*, No. 106,096, 2015 WL 5081212, at *21 (Kan. 2015). The district court issued a written order without a hearing and denied Weaver's motion on numerous grounds. Weaver timely appealed.

On appeal, Weaver raises several arguments as to why the district court erred in denying his motion to correct illegal sentence. Initially, we note that the Kansas Supreme Court's decision in *Murdock* has been overruled by *Keel*. Thus, Weaver is not entitled to any relief under *Murdock*. Also, as the State points out in its response to Weaver's motion for summary disposition, Weaver has overlooked the fact that his criminal history does not include any pre-1993 person convictions. As Weaver acknowledges in his motion, his PSI report showed one *nonperson* misdemeanor conviction prior to 1993. Before being overruled, *Murdock* held that pre-1993, out-of-state convictions must be classified as nonperson offenses. 299 Kan. 312, Syl. ¶ 5. Thus, even if *Murdock* had not been overruled by the Kansas Supreme Court, the holding in that case would not have provided Weaver with any relief. For these reasons, the district court did not err in denying Weaver's motion to correct illegal sentence based on *Murdock*.

Affirmed.