NOT DESIGNATED FOR PUBLICATION

No. 114,084

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BILLY L. SHERE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC R. YOST, judge. Opinion filed November 25, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.

*Per Curiam*:  Billy L. Shere appeals the district court's denial of his motion to correct an illegal sentence. We granted Shere's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed a response and requested that the district court's judgment be affirmed.

Shere was convicted of one count of manufacture or attempt to manufacture a controlled substance in 09CR2932. Shere's presentence investigation report included a 1973 robbery conviction from California and a 1979 rape conviction from Florida. However, the two convictions were stricken by the district court for lack of sufficient proof and were not included in determining Shere's criminal history score. At sentencing

on February 1, 2011, the district court granted Shere's request for a downward durational departure and imposed a controlling sentence of 120 months' imprisonment.

On February 13, 2015, Shere filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015). In his motion, Shere argued that the district court erred in classifying his pre-1993, out-of-state felony convictions of robbery and rape as person felonies for criminal history purposes. The State responded that Shere's out-of-state person felony convictions were stricken by the district court at sentencing for lack of sufficient proof. Based on the State's response, the district court denied Shere's motion to correct illegal sentence.

On appeal, Shere reasserts his argument that the district court erred in classifying his pre-1993, out-of-state felony convictions of robbery and rape as person felonies for criminal history purposes. But as Shere acknowledges, these convictions were not used to compute his criminal history score in the first place, but were stricken by the district court at sentencing for lack of sufficient proof. Moreover, our Supreme Court's holding in *Murdock* has been overruled in *Keel.* In *Keel*, our Supreme Court held that when designating a pre-1993 conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 357 P.3d at 262. Robbery and rape were scored as person felonies in Kansas at the time Shere's current crime of manufacture or attempt to manufacture a controlled substantce was committed in 2009. Thus, even if the district court had included Shere's prior convictions of robbery and rape to determine his criminal history score, the district court did not err in classifying these prior convictions as person felonies for criminal history purposes.

Affirmed.