NOT DESIGNATED FOR PUBLICATION

No. 114,026

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD PEOPLES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed November 25, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.

*Per Curiam*: Ronald Peoples appeals the district court's denial of his motion to correct an illegal sentence. We granted Peoples' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed a response and requested that the district court's judgment be affirmed.

In 1976, Peoples pled guilty to theft, a class D felony, in CR-12792. The district court initially imposed a suspended sentence and placed Peoples on probation for 2 years. A warrant was later filed alleging that Peoples had violated his probation by committing the crimes of kidnapping and rape. On December 20, 1978, the district court revoked Peoples' probation and ordered him to serve an indeterminate sentence of 3 to 10 years' imprisonment consecutive to the sentence imposed in 77 CR 2085. In that case, Peoples

1

was convicted of one count each of murder in the first degree, aggravated kidnapping, and rape, and he received a controlling sentence of life imprisonment.

On December 2, 2014, Peoples filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015). In the motion, Peoples requested the district court to convert his indeterminate sentence for theft in CR-12792 to a guidelines sentence. The district court denied the motion finding that the holding in *Murdock* "does not provide a basis for the relief requested by the defendant." Peoples timely appealed from that ruling.

On appeal, Peoples alleges that "the district court erred in classifying [his] prior convictions as person felonies, rendering him ineligible for conversion to a determinate sentence." However, Peoples has not identified any prior convictions that the district court erroneously classified as person felonies that affected his sentence for theft in CR-12792. As the district court concluded, the holding in *Murdock* provided no authority for the district court to convert Peoples' indeterminate sentence for theft to a guidelines sentence. Moreover, as Peoples acknowledges in his motion, our Supreme Court's holding in *Murdock* has been overruled in *Keel*. Thus, the district court did not err in denying Peoples' motion to correct an illegal sentence.

Affirmed.

2