NOT DESIGNATED FOR PUBLICATION

No. 113,613

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BENJAMIN PAUL SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed December 18, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*: Benjamin Paul Smith appeals the district court's denial of his motion to correct an illegal sentence. We granted Smith's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

Smith was convicted of eight counts of forgery and four counts of theft that were committed in 2010. The district court found that Smith had a criminal history score of B based on two person felony convictions in Kansas in 1982, an aggravated burglary and a robbery. On October 28, 2011, the district court imposed a controlling sentence of 27 months' imprisonment with 12 months' postrelease supervision.

1

On July 14, 2014, Smith filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. ___, 357 P.3d 251 (2015). In the motion, Smith argued that his 1982 Kansas convictions of aggravated burglary and robbery should have been scored as nonperson offenses for criminal history purposes. At a hearing on January 12, 2015, the district court denied the motion. The district court ruled that the holding in *Murdock* applied only to out-of-state convictions and that Smith's claim was barred by res judicata. Smith appealed.

On appeal, Smith argues that "the district court erred in classifying his 1982 convictions as person felonies." Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Smith acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 357 P.3d at 262. Aggravated burglary and robbery were scored as person offenses in Kansas at the time Smith's current crimes of forgery and theft were committed in 2010. See K.S.A. 21-3716; K.S.A. 21-3426. Based on *Keel*, the district court did not err in classifying Smith's pre-KSGA convictions of aggravated burglary and robbery as person offenses for criminal history purposes. Thus, the district court did not err in denying Smith's motion to correct an illegal sentence.

Affirmed.