NOT DESIGNATED FOR PUBLICATION

No. 113,857

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TONY FRIENDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed December 23, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*: Tony Friends appeals the district court's denial of his motion to correct an illegal sentence. We granted Friends' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

On June 28, 2013, Friends pled guilty to one count each of possession of cocaine, no tax stamp, and possession of marijuana for crimes committed in May 2012. On October 25, 2013, the district court granted Friends' motion for durational departure and imposed a controlling sentence of 40 months' imprisonment with 24 months' postrelease supervision.

1

On May 22, 2014, Friends filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015). In the motion, Friends argued that his pre-1993 Missouri convictions of attempted robbery in the first degree, stealing from the person, and involuntary manslaughter should have been scored as nonperson crimes for criminal history purposes. At a hearing on February 20, 2015, the district court denied the motion, finding that the holding in *Murdock* could not be applied retroactively to Friends' case. Friends appealed.

On appeal, Friends reasserts his argument that the district court erred in classifying his pre-1993 convictions as person crimes. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Friends acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 302 Kan. 560, Syl. ¶¶ 8-9. As the State asserts in its response, in 2012, the comparable Kansas offense for the Missouri offense of attempted robbery in the first degree was attempted aggravated robbery, a person felony. See K.S.A. 2011 Supp. 21-5420(b), (c)(2); K.S.A. 2011 Supp. 21-6811(g). In 2012, the comparable Kansas offense for the Missouri offense of stealing from the person was robbery, a person felony. See K.S.A. 2011 Supp. 21-5420(a), (c)(1). In 2012, the comparable Kansas offense for the Missouri offense of involuntary manslaughter was involuntary manslaughter, a person felony. See K.S.A. 2011 Supp. 21-5405(a), (b). Friends does not dispute the State's assertion of the comparable Kansas offenses.

2

Based on *Keel*, the district court did not err in classifying Friends' pre-KSGA convictions as person offenses for criminal history purposes. Friends argues that *Keel* was wrongly decided. But as Friends acknowledges, the Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (September 14, 2015). Thus, the district court did not err in denying Friends' motion to correct an illegal sentence.

Affirmed.