NOT DESIGNATED FOR PUBLICATION

No. 113,789

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEONARD COLEMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed March 4, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before PIERRON, P.J., BRUNS and GARDNER, JJ.

*Per Curiam*:  Leonard Coleman appeals the district court's denial of his motion to correct an illegal sentence. We granted Coleman's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). Moreover, we note that the State filed a response requesting that we affirm the district court's judgment.

On June 16, 2014, Coleman pled no contest to one count of theft, which occurred in September 2013. Coleman's presentence investigation report (PSI) revealed nine prior convictions, including a 1972 Minnesota conviction of aggravated robbery as well as convictions in Iowa for robbery with aggravation and rape in 1975. All three of these out-of-state convictions were scored on the PSI as person felonies.

1

At a sentencing hearing on August 21, 2014, the district court granted Coleman a dispositional departure. As such, the district court sentenced him to 12 months of probation with an underlying 17-month prison sentence. However, on February 18, 2015, the district court revoked Coleman's probation and ordered him to serve his underlying prison sentence.

Prior to his probation revocation hearing, Coleman had filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). Specifically, Coleman argued that the district court should have classified his pre-1993 out-of-state convictions as nonperson felonies. The district court denied the motion, and Coleman appealed.

Coleman acknowledges on appeal that the *Keel* decision overrules the *Murdock* decision. In *Keel*, the Kansas Supreme Court held that "the classification of a prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the [Kansas Sentencing Guidelines Act] is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed." 302 Kan. at 589-90. Thus, we must compare Coleman's prior convictions for aggravated robbery and rape with the comparable Kansas offenses in 2013.

At the time Coleman committed his current crime, both aggravated robbery and rape were scored as person offenses in Kansas. See K.S.A. 2013 Supp. 21-5420(c)(2); K.S.A. 2013 Supp. 21-5503(b). Accordingly, we conclude that the district court did not err in denying Coleman's motion to correct an illegal sentence.

Affirmed.