NOT DESIGNATED FOR PUBLICATION

No. 114,733

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH CUMMINGS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed June 10, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*: Joseph Cummings appeals the district court's denial of his motion to correct illegal sentence. We granted Cummings' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

Cummings was convicted of possession of methamphetamine, theft, and possession of paraphernalia, all offenses committed on January 11, 2013. The district court found that Cummings had a criminal history score of B, based in part on a Kansas juvenile adjudication of aggravated assault in 1988. On November 13, 2013, the district court imposed a controlling sentence of 32 months' imprisonment with 12 months' postrelease supervision.

1

On January 27, 2015, Cummings filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In the motion, Cummings argued that his 1988 Kansas juvenile adjudication of aggravated assault should have been scored as a nonperson offense for criminal history purposes. At a hearing on April 2, 2015, the district court denied the motion finding that *Murdock* applied only to out-of-state convictions. Cummings appealed.

On appeal, Cummings argues that the district court erred in classifying his 1988 Kansas juvenile adjudication of aggravated assault as a person felony for criminal history purposes. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Cummings acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 302 Kan. at 589-90. Cummings argues that *Keel* was wrongly decided. But as Cummings acknowledges, the Court of Appeals is duty bound to follow Kansas Supreme Court precedent, unless there is some indication the court is departing from its previous position. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011). Aggravated assault was scored as a person offense in Kansas at the time Cummings' current crimes were committed in 2013. See K.S.A. 2013 Supp. 21-5412(e)(2). Based on *Keel*, the district court did not err in classifying Cummings' pre-KSGA juvenile adjudication of aggravated assault as a person offense for criminal history purposes and in denying Cummings' motion to correct illegal sentence.

2

Affirmed.