NOT DESIGNATED FOR PUBLICATION

No. 114,409

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT A. HOBAUGH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN WILBERT, judge. Opinion filed June 17, 2016. Affirmed.

Submitted for summary disposition under K.S.A. 2015 Supp. 21-6820(g) and (h).

Before GREEN, P.J., MCANANY and ATCHESON, JJ.

*Per Curiam*: Scott A. Hobaugh appeals from the trial court's order denying his motion to correct an illegal sentence. We granted Hobaugh's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).

In 2014, Hobaugh pled guilty to theft after a prior conviction under K.S.A. 2015 Supp. 21-5801(a)(1), (b)(6), a severity level 9, nonperson felony, and possession of marijuana, K.S.A. 2015 Supp. 21-5706(b)(3), (c)(2)(A), a Class A, nonperson misdemeanor. He was given an underlying sentence of 15 months for the theft conviction and 12 months in jail for the possession conviction. The sentences were ordered to run consecutively. The court granted a departure and ordered Hobaugh to serve 12 months of

1

probation. On October 3, 2014, Hobaugh's probation was revoked then reinstated and extended for an additional 12 months. On October 15, 2014, Hobaugh moved to correct an illegal sentence that is the subject of this appeal. The motion was denied on December 11, 2014. Hobaugh's probation was later revoked, and he was ordered to serve his prison sentence.

In his motion filed with the trial court, Hobaugh argues that his criminal history is illegal because his pre-1993 out-of-state convictions for conspiracy to commit robbery and aggravated robbery should be classified as nonperson crimes under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert denied* 136 S. Ct. 865 (2016). This argument of course is foreclosed by our Supreme Court's decision in *Keel*.

As this court is duty bound to follow our Supreme Court precedent, absent some indication that the court is departing from its previous position, *State v. Ottinger,* 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012), and Hobaugh has failed to provide any argument or authority to the contrary, his appeal fails.

Affirmed.