NOT DESIGNATED FOR PUBLICATION

No. 114,230

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARY A. LEE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Osage District Court; PHILLIP M. FROMME, judge. Opinion filed July 22, 2016.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and
(h).

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

*Per Curiam*:  Defendant Gary Lee appeals the sentence he received from the
Osage County District Court following his conviction for possession of
methamphetamine. As provided in Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot.
67), we granted the State's motion for summary disposition after Lee filed a brief. Lee did
not file a response to the State's motion. As we outline, Lee's sentence is lawful. We,
therefore, affirm the district court.

In May 2013, pursuant to an agreement with the State, Lee pled no contest to a
single count of possession of methamphetamine. The presentence investigation report
placed Lee in criminal history category A, since he had convictions for 3 person felonies,

1

1 nonperson felony, 3 person misdemeanors, and 5 nonperson misdemeanors. Two of the person felonies were committed before July 1, 1993. The district court sentenced Lee to 40 months in prison—a lawful statutory punishment but longer than the recommended sentence under the plea agreement.

In July 2014, Lee filed a motion to correct illegal sentence in which he argued *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 589, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), required his pre-1993 felony convictions  be scored as nonperson felonies for criminal history purposes. The district court summarily denied Lee's motion on the grounds *Murdock* did not apply retroactively to Lee's case. Lee timely appealed the denial of his motion to correct illegal sentence. In the meantime, the Kansas Supreme Court overruled *Murdock*. *Keel*, 302 Kan. at 589.

On appeal, Lee concedes that in light of *Keel*, the district court correctly determined his criminal history and imposed a statutorily authorized sentence. Lee submits he wishes to preserve the issue for federal review.

Accordingly, the district court reached the right result in denying Lee's motion to correct an illegal sentence based on *Murdock*, albeit for the wrong reason. See *Rose v. Via Christi Health System, Inc.*, 279 Kan. 523, 525, 113 P.3d 241 (2005) ("If a trial court reaches the right result, its decision will be upheld even though the trial court relied upon the wrong ground or assigned erroneous reasons for its decision.").

Affirmed.