NOT DESIGNATED FOR PUBLICATION

No. 115,738

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHNNY E. CROWDER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed November 4, 2016. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Jerome Gorman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, C.J., STANDRIDGE, J., and HEBERT, S.J.

*Per Curiam*:  Johnny E. Crowder appeals the trial court's denial of his motion to correct an illegal sentence. We granted Crowder's motion for summary disposition in lieu of briefing under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).

Crowder's allegedly illegal sentence arises from his 2002 convictions for three counts of aggravated battery, two counts of aggravated assault, one count of possession of cocaine, and one count of possession of marijuana. Crowder's criminal history included four Kansas convictions:  a 1978 conviction for aggravated robbery; a 1985 conviction for aggravated escape from custody; and two 1991 convictions for attempted

1

sale of marijuana. The sentencing court found that Crowder had a criminal history score of C. In reaching its criminal history score, the sentencing court classified Crowder's 1978 conviction for aggravated robbery as an adult person felony. He was sentenced to 124 months in prison with 36 months of postrelease supervision. Crowder's convictions were affirmed on appeal. See *State v. Crowder*, No. 89,190, 2003 WL 22938049 (Kan. App.) (unpublished opinion), *rev. denied* 277 Kan. 925 (2003).

In his motion to correct an illegal sentence, Crowder argued that his 1978 conviction for aggravated robbery was improperly classified as a person felony for the purpose of determining his criminal history. He supported his claim with the holding of *State v. Murdock*, 299 Kan. 312, 319, 323 P.3d 846 (2014), that all out-of-state person felonies committed prior to July 1, 1993, are to be classified as nonperson felonies.

The trial court denied Crowder's motion, finding the rule from *Murdock*, that out-of-state convictions prior to the enactment of the Kansas Sentencing Guidelines Act (KSGA) must be classified as nonperson crimes for criminal history purposes, did not apply to Crowder because his prior convictions were from Kansas and not out-of-state.

Our Supreme Court overruled *Murdock* in *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). The defendant in *Keel* argued that the Supreme Court's

> "recent decision in *Murdock* . . . dictate[d] that his pre-KSGA convictions for attempted robbery and aggravated robbery, even though they occurred in Kansas rather than another state, be classified as nonperson crimes . . . because neither crime had a person/nonperson classification assigned to it when he committed it." 302 Kan. at 571.

The court rejected Keel's argument, holding:

"[T]he punishment for a current crime is set at the time the crime is committed. Thus, the classification of a prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the KSGA is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed." 302 Kan. at 589-90.

Crowder challenges the classification of his 1978 conviction for aggravated robbery as a person felony for the purpose of calculating his criminal history score. As directed in *Keel*, the sentencing court should determine the proper classifications of pre-KSGA convictions as person/nonperson crimes by looking to the comparable Kansas offense available at the time the current crime of conviction was committed. 302 Kan. at 589-90. Crowder committed his crimes on July 3, 2001. The aggravated robbery statute in effect in 2001 was K.S.A. 21-3427 (Furse 1995), specified as a crime against persons. Therefore, aggravated robbery was a person crime at the time Crowder committed his crimes in 2001.

Thus, even though Kansas did not classify crimes as person/nonperson prior to enacting the KSGA in 1993, the sentencing court properly classified Crowder's 1978 conviction for aggravated robbery as a person felony for the purpose of determining his criminal history score at the time of his 2002 convictions.

Affirmed.

3