NOT DESIGNATED FOR PUBLICATION

No. 115,786

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID LEE BECK,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ford District Court; VAN Z. HAMPTON, judge. Opinion filed December 2, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., BUSER, J. and WALKER, S.J.

*Per Curiam*:  David Lee Beck appeals the district court's denial of his motion to correct an illegal sentence, arguing the district court erred in calculating his criminal history score. This court granted Beck's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). Our review of the record reveals no error by the district court. We affirm Beck's sentence based on a criminal history score of A.

On October 7, 2010, Beck pleaded guilty to one count of robbery. A presentence investigation report was prepared indicating a 1980 Kansas conviction for burglary, a 1981 Kansas conviction for kidnapping, a 1981 Kansas conviction for robbery, and a

1

1982 Kansas conviction for rape. The district court found Beck's criminal history score was A and sentenced him to 122 months' imprisonment.

Beck subsequently filed a motion to correct illegal sentence pursuant to *State v. Murdock*, 299 Kan. 312, 313, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), arguing the district court erred in scoring his pre-1993 convictions as person felonies. The district court denied Beck's motion.

Beck acknowledges *Murdock* was explicitly overruled by our Supreme Court in *Keel*, 302 Kan. 560, Syl. ¶ 9. This court is bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). Accordingly, *Murdock* cannot be applied to the claims Beck raises on appeal since *Murdock* was explicitly overruled by *Keel*.

> "Because it is a fundamental rule of sentencing that the penalty parameters for a crime are established at the time the crime was committed, the classification of a prior conviction or juvenile adjudication for criminal history purposes under the KSGA must be based on the classification in effect for the comparable offense when the current crime of conviction was committed." *Keel*, 302 Kan. 560, Syl. ¶ 9.

Here, when Beck's current crime of conviction occurred, kidnapping, robbery, and rape were classified as person felonies. Thus, Beck's criminal history score has three person felonies which support the district court's determination Beck had a criminal history score of A. We find no error and affirm Beck's sentencing based on a criminal history score of A.

Affirmed.