NOT DESIGNATED FOR PUBLICATION

No. 116,004

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY D. MCINTYRE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed December 16, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  Terry D. McIntyre appeals the district court's denial of his motion to correct illegal sentence. We granted McIntyre's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On December 8, 2000, a jury found McIntyre guilty of multiple charges, including rape, aggravated criminal sodomy, aggravated kidnapping, aggravated robbery, and kidnapping. The offenses were committed on July 2, 1999. The district court found that McIntyre had a criminal history score of C, based in part on his pre-1993 Missouri convictions of robbery and exhibiting a dangerous weapon, which were scored as person

1

felonies for criminal history purposes. On January 12, 2001, the district court sentenced McIntyre to 645 months' imprisonment with 36 months' postrelease supervision.

On May 14, 2014, McIntyre filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In the motion, McIntyre argued that his pre-1993 Missouri convictions should have been scored as nonperson felonies for criminal history purposes. The district court filed a memorandum decision on October 2, 2015, denying McIntyre's motion. McIntyre appealed.

On appeal, McIntyre argues that the district court erred in classifying his pre-1993 Missouri convictions as person felonies. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

McIntyre acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 302 Kan. at 589-90. McIntyre does not dispute that the Missouri crimes of robbery and exhibiting a dangerous weapon, or their comparable Kansas crimes, were person offenses at the time McIntyre's current crimes of conviction was committed in 1999. Based on *Keel*, the district court did not err in classifying McIntyre's pre-1993 Missouri convictions as person offenses for criminal history purposes. Thus, the district court did not err in denying McIntyre's motion to correct illegal sentence.

Affirmed.

2