NOT DESIGNATED FOR PUBLICATION

No. 114,531

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN L. WEEKS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed March 3, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., POWELL and SCHROEDER, JJ.

*Per Curiam*:  John L. Weeks appeals, claiming the record before the district court is incomplete as it fails to reflect what sentence was imposed. Our review of the record reflects the district court never modified Weeks' 2002 sentence and it remains in effect. We affirm.

1

Weeks was convicted of three counts of aggravated kidnapping, three counts of rape, and three counts of aggravated sodomy in 2000. Weeks appealed, and this court affirmed his convictions but vacated his sentence and remanded for resentencing. See *State v. Weeks*, No. 86,264, unpublished opinion filed June 7, 2002.

Weeks was resentenced in 2002. Based on his criminal history of D, which included a 1983 Arkansas rape conviction, Weeks was sentenced to 534 months' imprisonment. Weeks did not appeal his sentence.

Following the Kansas Supreme Court's decision in *State v. Murdock*, 299 Kan. 312, 313, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), Weeks filed a motion to correct an illegal sentence arguing *Murdock* applied and he should be resentenced. Specifically, he argued *Murdock* required his out-of-state 1983 rape conviction be classified as a nonperson felony and his criminal history score should change to be G.

The State responded, arguing the Kansas Legislature amended K.S.A. 2014 Supp. 21-6810(d)(2) to require felony convictions be scored using the comparable offense "in effect on the date the current crime of conviction was committed." The State also indicated the Kansas Legislature intended the amendment be applied retroactively.

At a hearing on April 15, 2015, the district court found *Murdock* applied. It also found the amendment to K.S.A. 2014 Supp. 21-6810(d)(2) violated the United States Constitution's prohibition of ex post facto laws under the facts of the case. As a result, it ordered a new presentence investigation report and scheduled a hearing for resentencing. The district court's order also stated: "The court will stay sentencing when the State files its notice of appeal."

On April 24, 2015, the State filed a "Motion for Reconsideration and/or Motion to Stay Sentencing Pending Kansas Supreme Court Decision in *State v. Danny Keel.*" The State argued *Murdock* did not apply retroactively and was therefore inapplicable to Weeks' motion to correct an illegal sentence. It also argued the amendment to K.S.A. 2014 Supp. 21-6810 was not an ex post facto law.

On June 3, 2015, the day before resentencing was scheduled, the State filed a request for jury trial for sentencing alleging aggravating factors warranted a departure sentence.

The next day, the district court held a hearing on the State's motion to reconsider. The district court found *Murdock* did not apply retroactively to Weeks' case. It also found "that the sentence is not an illegal sentence and will not re-sentence the defendant based upon the *Murdock* ruling." Weeks appealed.

ANALYSIS

Weeks acknowledges *Keel* specifically overruled *Murdock* and eliminates the basis of his motion to correct an illegal sentence. He asks this court to remand to the district court "to reconcile an obviously incomplete record." However, the record is not "obviously incomplete."

Although he does not directly say it, Weeks' brief seems to suggest that when the district court granted his motion to correct an illegal sentence, his sentence was vacated and, since resentencing has not occurred, there is not a current, valid sentence. However, the district court never expressly vacated Weeks' sentence. At the hearing on Weeks' motion, the district court held *Murdock* applied, the amendment to 21-6810(d)(2) was unconstitutional as applied to Weeks, and ordered Weeks to be resentenced. However, it set resentencing for a later date in order to get a new presentence investigation report and

3

to allow the State the opportunity to file an interlocutory appeal. The district court never vacated Weeks' sentence.

Likewise, the journal entry granting the motion to correct an illegal sentence does not indicate Weeks' sentence was vacated. Instead, it simply indicates *Murdock* applied, the legislative amendment violates the ex post facto prohibition as applied to Weeks, and resentencing was set for a later date. The district court never expressly vacated Weeks' sentence.

While the district court granted Weeks' motion to correct an illegal sentence, ordered a new presentence investigation report, and set a date for resentencing, it also granted the State's motion to reconsider, determined Weeks' sentence was not an illegal sentence, and stated Weeks would not be resentenced. The record is not incomplete since Weeks' sentence was never vacated or modified. There is no need for remand as Weeks requests. We affirm.

Affirmed.