NOT DESIGNATED FOR PUBLICATION

IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,132

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY HEGWOOD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed December 1, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, was on the brief for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

PER CURIAM:  Anthony Hegwood appeals the district court's summary denial of his motion to correct an illegal sentence. We affirm.

Hegwood asserted he was entitled to relief under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). *Murdock* related to the calculation of a criminal defendant's criminal history score under the Kansas Sentencing Guidelines Act (KSGA) when a defendant's criminal history includes out-of-state robberies committed prior to the enactment of the KSGA. 299 Kan. at 314, 318-19.

The district court summarily denied Hegwood's claims based on its conclusion that *Murdock* did not apply to Hegwood's sentences for aggravated robbery, which were imposed on May 13, 1993—before the July 1, 1993, effective date of the KSGA. See K.S.A. 21-4704(a) ("For purposes of sentencing, the following sentencing guidelines for nondrug crimes shall be applied in felony cases for crimes committed on or after July 1, 1993."); see also K.S.A. 2016 Supp. 21-6802(c) (Revised Kansas Sentencing Guidelines Act "shall have no application to crimes committed prior to July 1, 1993"). *Murdock*, which limited its analysis to situations where the KSGA applied, would not have any effect on Hegwood's sentences.

The district court appointed counsel for Hegwood's appeal, and before us Hegwood concedes he is not entitled to relief under *Murdock* because his sentences were imposed prior to enactment of the KSGA. Therefore, *Murdock* would not impact his pre-KSGA sentences, even if it had not been overruled after Hegwood filed his motion to correct an illegal sentence.

We have carefully reviewed the record and conclude the district court adequately addressed the issues. The district court's dismissal is affirmed under Kansas Supreme Court Rule 7.042(b)(2) (2017 Kan. S. Ct. R. 48) (the appeal is without merit).

Affirmed.