NOT DESIGNATED FOR PUBLICATION

No. 113,461

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY T. GIBSON, SR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Franklin District Court; DOUGLAS P. WITTEMAN, judge. Opinion filed January 29, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON, J., and WALKER, S.J.


*Per Curiam*: Terry T. Gibson, Sr., appeals the district court's denial of his motion to correct an illegal sentence. We granted Gibson's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

On October 17, 2011, pursuant to a plea agreement, Gibson pled no contest to two counts of aggravated battery, one count of driving under the influence (DUI) with a prior DUI conviction, and one count of felony DUI. The district court granted Gibson's motion for a downward departure and imposed a controlling sentence of 74 months' imprisonment with 24 months' postrelease supervision.

1

On June 17, 2014, Gibson filed a pro se motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). In a supplemental motion filed by subsequently appointed counsel, Gibson argued that his 1985 Kansas conviction of aggravated burglary and his 1984 conviction of attempted aggravated assault should have been scored as nonperson felonies for criminal history purposes. The State filed responses to both motions, and the district court held a hearing on the matter on December 15, 2014. After considering argument, the district court denied Gibson's motion. Gibson appealed.

On appeal, Gibson reasserts his argument that the district court erred in classifying his 1984 and 1985 convictions as person felonies. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Gibson acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel.* In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 302 Kan. 560, Syl. ¶¶ 8-9. Gibson committed his current crimes of conviction in 2009 and 2011. At those times, aggravated burglary and attempted aggravated assault were scored as person felonies in Kansas. See K.S.A. 21-3301(c); K.S.A. 21-3410; K.S.A. 21-3716. Based on *Keel*, the district court did not err in classifying Gibson's 1985 aggravated burglary conviction and his 1984 attempted aggravated assault convictions as person felonies. Thus, the district court did not err in denying Gibson's motion to correct an illegal sentence.

Affirmed.