NOT DESIGNATED FOR PUBLICATION

No. 113,723

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLARENCE R. RODGERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID D. DEBENHAM, judge. Opinion filed April 8, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., GREEN and LEBEN, JJ.

*Per Curiam*: Clarence R. Rodgers appeals the district court's denial of his motion to correct an illegal sentence. We granted Rodger's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed. Because we find that the district court properly calculated Rodgers' criminal history, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Rodgers was convicted of one count of aggravated battery and one count of aggravated assault that were committed in 2011. The district court found that Rodgers

1

had a criminal history score of A based on four person felony convictions in Kansas in 1976, two counts of kidnapping and two counts of aggravated robbery. On June 22, 2012, the district court imposed a controlling sentence of 185 months' imprisonment.

On October 6, 2014, Rodgers filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In the motion, Rodgers argued that his 1976 Kansas convictions of aggravated robbery and kidnapping should have been scored as nonperson offenses for criminal history purposes. On February 4, 2015, the district court denied the motion. The district court ruled that the holding in *Murdock* applied only to out-of-state convictions and did not apply retroactively to Rodgers' case. Rodgers appealed.

ANALYSIS

On appeal, Rodgers argues that "the district court erred in classifying his 1976 convictions as person felonies." Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Keel*, 302 Kan. at 571.

Rodgers acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 302 Kan. at 581. Aggravated robbery and kidnapping were scored as person offenses in Kansas at the time Rodgers' current crimes of aggravated battery and aggravated assault were committed in 2011. See K.S.A. 2011 Supp. 21-5420; K.S.A. 2011 Supp. 21-5408. Based on *Keel*, the district court did not err in classifying

2

Rodgers' pre-KSGA convictions of aggravated robbery and kidnapping as person offenses for criminal history purposes. Thus, the district court did not err in denying Rodgers' motion to correct an illegal sentence.

Affirmed.