NOT DESIGNATED FOR PUBLICATION

No. 113,859

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONALD R. JACKSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed April 22, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).


Before STANDRIDGE, P.J, LEBEN and POWELL, JJ.


*Per Curiam*:  Donald R. Jackson appeals the district court's decision to deny his motion to convert pre-1993 indeterminate sentences. We granted Jackson's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State did not file a response.

In 1990, Jackson was found guilty by a jury of one count each of aggravated burglary, burglary, and felony theft. He was sentenced under the Habitual Criminal Act (HCA) to enhanced consecutive indeterminate prison terms for each count. In 2000, Jackson's sentence was vacated by this court, and the case was remanded for resentencing without invoking the HCA. *State v. Jackson*, No. 83,631, unpublished opinion filed July 14, 2000. On remand, the district court reduced Jackson's sentence to consecutive prison

1

terms of 5 to 20 years for aggravated burglary, 3 to 10 years for burglary, and 1 to 5 years for felony theft.

In 2014, Jackson filed a motion to convert his pre-1993 indeterminate sentences to guidelines sentences under the Kansas Sentencing Guidelines Act (KSGA) based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). The district court denied the motion, finding that "[n]othing in the *Murdock* decision applies to the conversion process."

Jackson appeals from the district court's decision to deny his motion. Specifically, Jackson alleges that "the district court erred in denying his motion for conversion based upon his 1990 convictions not being classified as person felonies under [*Murdock*]." As the district court concluded, however, the holding in *Murdock* is not legally applicable to the facts presented here. Jackson was sentenced before the KSGA was enacted; thus, his sentence was not determined based on prior criminal history or classification of crimes as person or nonperson offenses. And even if the legal holding in *Murdock* was applicable, Jackson's sentence would still fall in the presumptive prison box of the sentencing grid, which under the conversion statute is not a sentence eligible for modification as requested by Jackson. Finally, as Jackson acknowledges in his motion, our Supreme Court's holding in *Murdock* has been overruled in *Keel*.

For all of these reasons, the district court did not err in denying Jackson's motion for conversion of his sentences.

Affirmed.