NOT DESIGNATED FOR PUBLICATION

No. 113,323

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT GARCIA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed April 22, 2016. Affirmed.

Submitted for summary disposition by the parties pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before STANDRIDGE, P.J., PIERRON, J., and JOHNSON, S.J.

*Per Curiam*: Robert Garcia appeals the district court's denial of his motion to correct the 136-month prison sentence imposed upon his conviction of battery of a law enforcement officer. Garcia contends that sentence is illegal because the court erroneously classified his pre-1993 convictions of aggravated battery and first-degree murder as person felonies in scoring his criminal history. As Garcia candidly acknowledges, however, his position is contrary to our Supreme Court's recent controlling decision in *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). Accordingly, we affirm.

The relevant facts are undisputed. As a result of events that occurred on December 25, 2005, the State charged Garcia with battery of a law enforcement officer, a severity

1

level 5 felony in violation of K.S.A. 2005 Supp. 21-3413(a)(2). Garcia eventually reached a plea agreement with the State, and he pled no contest to that charge. At the time, Garcia did not dispute that his criminal history score was A based on his prior convictions in 1981 and 1982 of two counts of aggravated battery and three counts of first-degree murder. The district court imposed the aggravated presumptive sentence of 136 months ' imprisonment.

This appeal concerns a pro se motion to correct illegal sentence that Garcia filed almost a year later. Relying on the reasoning in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by Keel*, 302 Kan. 560 (2015), Garcia argued the district court erroneously considered his prior convictions as person, rather than nonperson felonies in calculating his criminal history. This is Garcia's timely appeal from the district court's denial of that motion.

This issue of how a conviction for a crime committed prior to the 1993 enactment of the Kansas Sentencing Guidelines Act (KSGA) is to be classified for criminal history purposes under K.S.A. 2015 Supp. 21-6810—*i.e.*, whether it should be scored as a person or nonperson offense—has received much attention of late. We have unlimited review of the issue because it requires statutory interpretation. See *Keel*, 302 Kan. at 571.

We note the district court's decision was in keeping with the law at the time. That is, the court correctly found *Murdock* did not help Garcia because that decision only required pre-1993, out-of-state person offenses to be classified as nonperson offenses for criminal history purposes. See 299 Kan. at 319 (holding that because Kansas did not classify crimes as person or nonperson offenses prior to July 1, 1993—the date the KSGA went into effect—all out-of-state convictions occurring before that date must be classified as nonperson offenses for criminal history purposes). Garcia's pre-1993 felony convictions at issue here were all in Kansas.

2

As Garcia candidly acknowledges, however, our Supreme Court has since decided *Keel*, in which the majority both overruled *Murdock* and ruled contrary to Garcia's position on how his in-state, pre-KSGA prior convictions should be scored. See *Keel*, 302 Kan. at 589-90. Specifically, the *Keel* majority held that when designating a pre-KSGA conviction as a person or nonperson offense in calculating a defendant's criminal history under K.S.A. 2014 Supp. 21-6810, the sentencing court must consider how the crimes would have been classified based on the classification in effect for the comparable Kansas offense when the current crime of conviction was committed. 302 Kan. 560, Syl. ¶¶ 8-9. We are duty bound to follow *Keel*. See *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (2015).

Applying *Keel*, we find the district court properly classified Garcia's pre-KSGA convictions as person offenses in scoring his criminal history. When Garcia committed aggravated battery of a law enforcement officer on December 25, 2005, both first-degree murder and aggravated battery were scored as person offenses. See K.S.A. 21-3401 (Furse 1995) (first-degree murder); K.S.A. 21-3414(b) (Furse 1995) (aggravated battery). Thus, the district court did not err in denying Garcia's motion to correct an illegal sentence.

Affirmed.