NOT DESIGNATED FOR PUBLICATION

No. 114,667

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY L. THOMPSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed April 29, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*:  Terry L. Thompson appeals the district court's denial of his motion to correct an illegal sentence. We granted Thompson's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). Moreover, we note that the State filed a response to the motion for summary disposition requesting that we affirm the district court's judgment.

On April 4, 2006, a jury found Thompson guilty of a robbery that occurred on or about June 3, 2005. Thompson's presentence investigation report (PSI) revealed 12 prior convictions, including 6 person felonies. Specifically, the PSI revealed that he previously had been convicted of conspiracy to commit robbery, armed robbery, attempt to commit robbery, and robbery and twice had been convicted of aggravated assault. Ten of the prior

1

crimes occurred out of state and before the Kansas Sentencing Guidelines Act (KSGA) became effective on July 1, 1993. See K.S.A. 21-4701 *et seq.*; L. 1992, ch. 239, sec. 1 (effective July 1, 1993).

At his sentencing hearing on August 7, 2006, the district court sentenced Thompson to 130 months of imprisonment. Subsequently, he filed a direct appeal to this court. On June 13, 2008, his conviction and sentence were affirmed, and the Kansas Supreme Court denied Thompson's petition for review. See *State v. Thompson*, No. 97,845, 2008 WL 2423610 (Kan. App.) (unpublished opinion), *rev. denied* 286 Kan. 1185 (2008).

On June 24, 2014, Thompson filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In his motion, Thompson argued that the district court should have classified his pre-1993 out-of-state convictions as nonperson felonies. The district court appointed counsel for Thompson who filed a supplemental motion. Nevertheless, the district court denied the motion to correct illegal sentence, and Thompson appealed.

On appeal, Thompson acknowledges that the *Keel* decision overrules the *Murdock* decision. In *Keel*, our Supreme Court held that "the classification of a prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the [Kansas Sentencing Guidelines Act] is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed." 302 Kan. at 589-90. Accordingly, we must compare Thompson's prior convictions to the comparable Kansas offenses in 2005, when he committed his current crime.

In 2005, conspiracy to commit robbery, aggravated assault, armed robbery, attempt to commit robbery, and robbery were scored as person offenses in Kansas. See K.S.A. 21-3427 (aggravated robbery); K.S.A. 21-3426 (robbery); K.S.A. 21-3410 (aggravated assault); K.S.A. 21-3302(c) (conspiracy); K.S.A. 21-3301(c) (attempt). We, therefore, conclude that the district court did not err in denying Thompson's motion to correct an illegal sentence.

Affirmed.