NOT DESIGNATED FOR PUBLICATION

Nos. 114,066
114,067
114,068
114,069
114,070

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN E. PENN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed April 29, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before STANDRIDGE, P.J, PIERRON, J., and JOHNSON, S.J.

*Per Curiam*:  John E. Penn appeals the district court's decision to deny his motion to correct an illegal sentence. We granted Penn's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

In 1981, Penn pled guilty in case No. 80 CR 2124 to one count of theft. The district court sentenced him to an indeterminate prison term of 1 to 10 years.

1

In 1982, Penn pled guilty in case No. 82 CR 1206 to one count each of burglary and theft. The district court sentenced him to concurrent indeterminate prison terms of 2 to 10 years.

In 1988, Penn pled guilty in case No. 88 CR 896 to one count of theft. The district court sentenced him to an indeterminate prison term of 1 to 2 years.

In 1990, Penn pled guilty in case No. 89 CR 2359 to one count of possession of cocaine. The district court imposed an indeterminate prison sentence of 3 to 10 years.

In 1993, Penn entered a no contest plea in case No. 93 CR 567 to one count each of robbery, making a false writing, and conspiracy to possess cocaine. The district court sentenced him to an indeterminate prison term of 3 to 10 years.

Penn subsequently sought to have his sentences converted to guidelines sentences under the Kansas Sentencing Guidelines Act. A panel of this court held that because Penn was ineligible for retroactive application of the guidelines for his 1989 and 1993 crimes, he was not eligible for retroactive application of the guidelines to his other offenses. *State v. Penn*, No. 71,689, unpublished opinion filed August 25, 1995, *rev. denied* 258 Kan. 862 (1995).

In 2014, Penn filed a motion to correct an illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In the motion, Penn requested that the district court convert all of his indeterminate sentences to guidelines sentences. The district court denied the motion, finding that the holding in *Murdock* "does not provide a basis for the relief requested by the defendant." Penn timely appealed from that ruling.

On appeal, Penn challenges the district court's refusal to convert his indeterminate sentences to guidelines sentences. As the district court concluded, however, the holding in *Murdock* provided no authority for the district court to convert Penn's indeterminate sentences to guidelines sentences. Moreover, our Supreme Court's holding in *Murdock* has been overruled in *Keel*. Thus, the district court did not err in denying Penn's motion to correct an illegal sentence.

Affirmed.