NOT DESIGNATED FOR PUBLICATION

No. 114,280

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY LAWSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed May 6, 2016. Affirmed.

Submitted for summary disposition under K.S.A. 2015 Supp. 21-6820(g) and (h).


Before ARNOLD-BURGER, P.J., GREEN and LEBEN, JJ.


*Per Curiam*:  Anthony Lawson appeals the denial of his motion to correct an illegal sentence. We granted Lawson's motion for summary disposition in lieu of briefs as stated under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State did not file a response.


In January 2009, Lawson pled guilty to one count of aggravated robbery. In August 2009, the trial court granted Lawson's durational departure motion, sentencing Lawson to 168 months' imprisonment followed by 36 months' postrelease supervision. At sentencing, the trial court classified Lawson's 1992 in-state attempted aggravated assault conviction as a person felony for criminal history purposes. Lawson did not appeal his sentence.

1

In June 2014, Lawson filed a pro se motion to correct illegal sentence. In this motion, Lawson argued that his sentence was illegal under *State v. Murdock,* 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). Lawson asserted that his 1992 in-state attempted aggravated assault conviction should have been scored as a nonperson felony for criminal history purposes. The trial court denied Lawson's motion.

On appeal, Lawson reasserts his argument that the trial court erred by classifying his 1992 in-state attempted aggravated assault conviction as a person felony. Interpretation of a sentencing statute is a question of law over which this court has unlimited review. *State v. Phillips*, 299 Kan. 479, 494, 325 P.3d 1095 (2014).

Lawson acknowledges that our Supreme Court's holding in *Murdock* has been overruled by our Supreme Court's holding in *Keel*. In *Keel*, our Supreme Court held that a defendant's prior conviction or juvenile adjudication must be classified as a person or nonperson felony for criminal history purposes under the Kansas Sentencing Guidelines Act (KSGA) based upon the comparable Kansas offense when the current crime of conviction was committed. 302 Kan. 560, Syl. ¶¶ 8-9. When Lawson committed the aggravated robbery in July 2007, an attempted aggravated assault constituted a person felony for criminal history purposes. See K.S.A. 21-3410. Accordingly, the trial court did not err by classifying pre-KSGA attempted aggravated assault conviction as a person felony when it sentenced Lawson for aggravated robbery in 2009. Moreover, it is worth noting that even if *Keel* had not overruled *Murdock*, Lawson would not be entitled to relief under *Murdock* as the *Murdock* holding only applied to out-of-state pre-KSGA crimes. See *Murdock*, 299 Kan. at 319; *State v. Dickey*, 301 Kan. 1018, 1021, 1025, 350 P.3d 1054 (2015). For the foregoing reasons, the trial court did not err when it denied Lawson's motion to correct illegal sentence.

Affirmed.