NOT DESIGNATED FOR PUBLICATION

No. 114,500

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CRAIG ALAN FISCHER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Hamilton District Court; MICHAEL L. QUINT, judge. Opinion filed May 27, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before HILL, P.J, STANDRIDGE and ATCHESON, JJ.

*Per Curiam*: Craig Allen Fischer appeals from the district court's decision to deny his motion to correct an illegal sentence. Finding no error, we affirm the district court's decision.

The facts relevant to the issue presented by Fischer in this appeal are undisputed. On March 30, 2001, Fischer was convicted by a jury of one count of attempted murder in the first degree, one count of aggravated kidnapping, one count of attempted rape, and one count of criminal possession of a firearm. A presentence investigation report ordered prior to sentencing designated Fischer's criminal history score of "A" based on the existence of three prior person felony convictions: two 1977 felony convictions in Colorado for second-degree murder and one 1996 conviction in Kansas for aggravated

1

battery. Using that criminal history score, the sentencing court imposed a standard presumptive base sentence of 620 months' imprisonment for Fischer's primary crime of attempted first-degree murder. The remaining 222 months' imprisonment represents the sum of the consecutive, standard presumptive sentences the court imposed for Fischer's other crimes, which were calculated using a criminal history score of "I" as required under the Kansas Sentencing Guidelines Act (KSGA). See K.S.A 2000 Supp. 21-4720(b) (governing calculation of consecutive sentences in multiple-conviction cases).

On January 20, 2015, Fischer filed a motion to correct an illegal sentence. In that motion, Fischer argued his two second-degree murder convictions should have been scored as nonperson felonies, rather than person felonies, which would have reduced his criminal history score to "D." Fischer maintains that reduction, in turn, would have resulted in a standard presumptive base sentence of 253 months rather than 620 months' imprisonment under the KSGA.

At the time he filed his motion to correct an illegal sentence, Fischer's argument found support in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). *Murdock* held that when calculating a defendant's criminal history score, all pre-1993 out-of-state felonies had to be classified as nonperson crimes. *Murdock*, 299 Kan. 312, Syl. ¶ 5. But Fischer readily acknowledges that our Supreme Court has now overruled the reasoning in *Murdock* upon which he bases his argument. More specifically, in *Keel*, our Supreme Court held that whether a pre-KSGA conviction is classified as a person or nonperson offense must be determined by looking to the statute criminalizing the prior offense (for prior in-state convictions) or to the comparable Kansas offense statute (for prior out-of-state convictions) in effect on the date the defendant committed the current crime or crimes of conviction. 302 Kan. at 581. Absent any indication that our Supreme Court intends to

depart from this position in *Keel*, we are duty bound to follow it. See *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (September 14, 2015).

The facts in the record establish that second-degree murder was classified as a person offense in Kansas when Fischer committed his current crimes on September 15, 2000. See K.S.A. 2000 Supp. 21-3402. Under *Keel*, Fischer's Colorado convictions were properly scored in calculating his criminal history. Accordingly, Fischer's claim of illegal sentence is without merit.

Affirmed.