NOT DESIGNATED FOR PUBLICATION

No. 114,719

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN L. YANCEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Labette District Court; JEFFRY L. JACK, judge. Opinion filed June 10, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*: Steven L. Yancey appeals the district court's denial of his motion to correct illegal sentence. We granted Yancey's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

Yancey was convicted of one count of kidnapping, a severity level 3 person felony, and one count of sexual battery, a class A misdemeanor, for crimes that were committed in 2007. The district court found that Yancey had a criminal history score of B, based on a 1985 sexual abuse in the first degree conviction and a 1985 sodomy conviction, both from Missouri. On May 28, 2008, the district court sentenced Yancey to

228 months' imprisonment for kidnapping and 12 months in the county jail for sexual battery and ordered the sentences to run consecutively.

On August 18, 2014, Yancey filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). In the motion, Yancey argued that his 1985 Missouri convictions should have been scored as nonperson offenses for criminal history purposes. At a hearing on April 2, 2015, the district court denied the motion. Yancey appealed.

On appeal, Yancey argues that the district court erred in classifying his 1985 Missouri convictions as person felonies. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Yancey acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel.* In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 302 Kan. at 589-90. Yancey does not dispute that the Missouri crimes of sexual abuse in the first degree and sodomy, or their comparable Kansas crimes, were person offenses at the time Yancey's current crimes of conviction were committed in 2007. Based on *Keel*, the district court did not err in classifying Yancey's 1985 Missouri convictions as person offenses for criminal history purposes. Thus, the district court did not err in denying Yancey's motion to correct illegal sentence.

Affirmed.

2