NOT DESIGNATED FOR PUBLICATION

No. 114,515

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM E. CRUMP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Osage District Court; PHILLIP M. FROMME, judge. Opinion filed July 1, 2016. Affirmed.

Submitted for summary disposition by the parties pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

*Per Curiam*:  William E. Crump appeals the district court's denial of his motion to correct an illegal sentence. We granted Crump's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State did not file a response.

Crump pled nolo contendere to one count of residential burglary on November 4, 2013. In exchange, the State dropped six other charges against him. Crump's criminal history score was A based partly on a 1986 North Carolina conviction for robbery with a dangerous weapon and a 1984 North Carolina conviction for assault with a deadly weapon. Under the sentencing guidelines, he was to serve a presumptive prison sentence

1

of 30 to 34 months. The district court granted Crump's motion for a downward durational departure, however, and sentenced him to 21 months in prison. The sentence was to run concurrent with a 6-month prison sentence in another case. Crump did not timely appeal his sentence.

On October 24, 2014, Crump filed a motion to correct an illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In his motion, Crump argued the district court should have scored his two pre-1993 out-of-state felonies as nonperson felonies for criminal history purposes. If the court had done so, he contended, he would have had a criminal history score of C rather than A. The district court denied Crump's motion finding that *Murdock* did not apply retroactively to his case. The court also found that the Kansas Legislature had recently amended the sentencing statue to clarify how to classify pre-1993 crimes as person or nonperson.

On appeal, Crump maintains the district court erred in classifying his two pre-1993 out-of-state convictions as person felonies. Whether a prior conviction should be classified as a person or nonperson offense is a question of law subject to unlimited review. *Keel*, 302 Kan. at 571.

Whether Crump was entitled to relief under the holding in *Murdock* is now a moot point. As Crump acknowledges in his motion for summary disposition, the Kansas Supreme Court explicitly overruled *Murdock* in *Keel*. The *Keel* court held that district courts must classify pre-KSGA convictions as person or nonperson offenses by comparing the statute under which the prior offense arose to the comparable Kansas statute in effect at the time the defendant committed the current crime of conviction. 302 Kan. 560, Syl. ¶ 8. We are duty bound to follow the precedent set in *Keel* absent some

indication the Kansas Supreme Court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. __ (2015).

Based on *Keel*, the district court did not err in classifying Crump's pre-1993 convictions of robbery with a dangerous weapon and assault with a deadly weapon as person offenses for criminal history purposes. Both robbery with a dangerous weapon and assault with a deadly weapon were person felonies at the time Crump committed his current crime of conviction, residential burglary, in October of 2012. See K.S.A. 2012 Supp. 21-5412(b)(1) and (e)(2); K.S.A. 2012 Supp. 21-5420(b)(1) and (c)(2). Because the district court properly classified Crump's prior convictions as person felonies, his sentence is legal. Thus, the district court did not err in denying Crump's motion to correct an illegal sentence.

Affirmed.