NOT DESIGNATED FOR PUBLICATION

No. 114,559

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BILLY SHERE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed July 22, 2016.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before LEBEN, P.J., STANDRIDGE and ARNOLD-BURGER, JJ.

*Per Curiam*: Billy Shere appeals the decision of the district court to deny his motion to correct an illegal sentence. This court granted Shere's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State filed a response, asking this court to affirm the district court.

In 2010, Shere was convicted of criminal possession of a firearm, a severity level 8 nonperson felony, and manufacture or attempted manufacture of methamphetamine, a severity level 1 nonperson drug felony. A presentence investigation (PSI) report was prepared, which reflected that Shere had a 1994 Kansas attempted aggravated battery conviction and a 1998 Kansas aggravated battery conviction, both person felonies. The PSI report also reflected that Shere had a 1990 Kansas conviction for assault on a law

1

enforcement officer and a 1991 Kansas conviction for sexual battery, both person misdemeanors. Although the PSI report also reflected a 1973 California robbery conviction and a 1979 Oklahoma first-degree rape conviction, the district court did not include those prior convictions in calculating Shere's criminal history. The district court ultimately found Shere's criminal history score was B.

After our Supreme Court's decision in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), Shere filed a motion to correct an illegal sentence. Shere argued his 1990 and 1991 Kansas convictions were incorrectly scored as person misdemeanors. Shere also argued his California and Oklahoma offenses were illegally scored as person felonies contrary to *Murdock*. At the hearing on the motion, however, Shere's counsel said he did not realize the district court had excluded the California and Oklahoma convictions in calculating Shere's criminal history. Counsel went on to concede that there was no basis for relief under *Murdock* if the out-of-state convictions had not been counted for purposes of criminal history in the first place. The district court denied Shere's motion.

On appeal, Shere again claims that the "District Court erred in classifying his [pre-Kansas Sentencing Guidelines Act (KSGA)] convictions as 'person' felonies" contrary to *Murdock*. Notably, however, *Murdock* was overruled by *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 302 Kan. 560, Syl. ¶¶ 8-9. Shere fails to provide any support for his claim under the legal analysis set forth in *Keel*. And even if he had, Shere's claim has no foundation in fact. Shere's criminal history consisted of two pre-KSGA out-of-state person felonies, two pre-KSGA Kansas person misdemeanors and two post-KSGA Kansas person felonies. On appeal, Shere specifically challenges the court's classification of his pre-KSGA person felonies

2

for purposes of calculating his criminal history. But as noted in the proceedings below, the district court did not consider Shere's pre-KSGA out-of-state person felonies in calculating his criminal history. Accordingly, the district court did not err in denying Shere's motion to correct illegal sentence.

Affirmed.