NOT DESIGNATED FOR PUBLICATION

No. 115,696

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STANLEY BRIAN JOWERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed December 9, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  Stanley Brian Jowers appeals the district court's denial of his motion to correct illegal sentence. We granted Jowers' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

Following a jury trial, Jowers was convicted of one count of rape, a severity level 1 person felony. The date of the offense was January 28, 2001. The district court found that Jowers had a criminal history score of B, based in part on the following pre-1993 Kansas convictions:  one person felony conviction for robbery, two person misdemeanor convictions for battery, and one person misdemeanor conviction for battery of a law

1

enforcement officer. On March 28, 2002, the district court sentenced Jowers to 618 months' imprisonment with 36 months' postrelease supervision.

On August 20, 2014, Jowers filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In the motion, Jowers argued that his pre-1993 Kansas convictions should have been scored as a nonperson offenses for criminal history purposes. At a hearing on January 5, 2016, the district court denied the motion. Jowers appealed.

On appeal, Jowers argues that the district court erred in classifying his pre-1993 Kansas convictions as person offenses. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Jowers acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 302 Kan. at 589-90. Jowers does not dispute that in Kansas the crimes of robbery, misdemeanor battery, and misdemeanor battery of a law enforcement officer were person offenses at the time Jowers' current crime of conviction was committed in 2001. Based on *Keel*, the district court did not err in classifying Jowers' pre-1993 Kansas convictions as person offenses for criminal history purposes. Thus, the district court did not err in denying Jowers' motion to correct illegal sentence.

Affirmed.

2