NOT DESIGNATED FOR PUBLICATION

No. 115,686

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CALVIN CLEVELAND FLENOY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed December 9, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  Calvin Cleveland Flenoy appeals the district court's denial of his motion to correct illegal sentence. We granted Flenoy's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On April 9, 2015, Flenoy pled guilty to one count of aggravated robbery, a severity level 3 person felony. The date of the offense was January 21, 2015. The district court found that Flenoy had a criminal history score of C, based in part on his pre-1993 Kansas aggravated robbery conviction which was scored as a person felony for criminal history purposes. On May 14, 2015, the district court sentenced Flenoy to 90 months' imprisonment with 36 months' postrelease supervision.

1

On August 18, 2015, Flenoy filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In the motion, Flenoy argued that his pre-1993 Kansas aggravated robbery conviction should have been scored as a nonperson felony for criminal history purposes. The district court filed an order on November 12, 2015, denying Flenoy's motion. Flenoy appealed.

On appeal, Flenoy argues that the district court erred in classifying his pre-1993 Kansas aggravated robbery conviction as a person felony. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Flenoy acknowledges that our Supreme Court's holding in *Murdock* has been overruled in *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 302 Kan. at 589-90. Flenoy does not dispute that in Kansas the crime of aggravated robbery was a person offense at the time Flenoy's current crime of conviction was committed in 2015. Based on *Keel*, the district court did not err in classifying Flenoy's pre-1993 Kansas aggravated robbery conviction as a person offense for criminal history purposes. Thus, the district court did not err in denying Flenoy's motion to correct illegal sentence.

Affirmed.