NOT DESIGNATED FOR PUBLICATION

No. 113,889

IN THE SUPREME COURT OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILL WIMBLEY,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed June 9, 2017. Affirmed.

*Michael P. Whalen* of Law Office of Michael P. Whalen, of Wichita, and *Krystle Dalke*, of the same firm, were on the brief for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

*Per Curiam*:  Will A. Wimbley was convicted of first-degree murder and criminal possession of a firearm, offenses he committed in 1999, and was sentenced under the Kansas Sentencing Guidelines Act. See K.S.A. 21-4701 *et seq*. His criminal history included a 1983 Illinois conviction for attempted murder that the sentencing court classified as a person crime based on the presentence investigation report reflecting attempted first-degree murder as the comparable Kansas offense. In 2014, Wimbley moved to correct what he claimed was an illegal sentence. The district court summarily denied relief.

1

Wimbley argues the district court's judgment must be reversed because the 1983 crime should have been classified as a nonperson offense under the court's rationale in *State v. Murdock*, 299 Kan. 312, 319, 323 P.3d 846 (2014) (regarding person/nonperson classification of prior out-of-state offenses for purposes of calculating criminal history score), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016).

Wimbley's *Murdock*-based arguments are without merit because the court in *Keel* overruled *Murdock* while Wimbley's case was pending on appeal. In his brief, Wimbley acknowledges *Keel* but requests this court reconsider its rulings. He supplies no substantive argument in support of that request, and we have previously declined this invitation. See *State v. Collier*, 306 Kan. ___, ___ P.3d ___ (No. 114,304, filed June 2, 2017), slip op. at 5-7. The person or nonperson classification of a pre-KSGA offense is controlled by the comparable Kansas offense at the time of the current crime. *Keel*, 302 Kan. at 590.

At the time of Wimbley's current offenses, attempted first-degree murder was a severity level 1 person felony. See K.S.A. 21-3301(c) (attempt to commit an off-grid felony to be ranked at nondrug severity level 1); K.S.A. 21-3401 (first-degree murder an off-grid person felony). Wimbley's pre-KSGA Illinois attempted murder offense was a person felony under the comparable Kansas statute at the time of his current crimes. *Cf. State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003) (holding closest Kansas "approximation" to out-of-state statute under which conviction arose was comparable offense for classification purposes, rejecting argument that elements must be identical, and noting "[f]or purposes of determining criminal history, the offenses need only be comparable, not identical"), *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015).

Because the result in this case is reached through the application of the KSGA provisions in effect at the time of Wimbley's current crimes, as interpreted by *Keel*, we need not address Wimbley's ex post facto arguments challenging the retroactive application of K.S.A. 2016 Supp. 21-6810. See *Collier*, slip op. at 7.

Affirmed.